UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DONNIE R. BARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-3076 |
| | ) | |
| DAWN K. MEYER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW OPINION**

Plaintiff, proceeding pro se, brought the present lawsuit pursuant to 42 U.S.C. § 1983 alleging retaliation for exercising his First Amendment rights. Matter is before the Court for merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff alleges that a Rushville staff member attempted to hire another inmate to inflict physical harm upon the Plaintiff. Thereafter, Plaintiff alleges that Rushville officials retaliated against him for filing a grievance on that issue. Specifically, Plaintiff alleges that officials issued a false disciplinary report against him.

To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009). "[A] prison official may not retaliate against a prisoner because that prisoner filed a grievance." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). The adverse action need not independently violate the

Constitution, rather "a complaint need only allege a chronology of events from which retaliation may be inferred." *Id.*

Plaintiff alleges that, after Plaintiff filed the grievance in question, but prior to issuance of the disciplinary report, Defendant Hankins summoned Plaintiff to his office and stated that Plaintiff would regret writing the grievance. From that alleged statement, the issuance of the disciplinary report appears motivated, at least in part, by Plaintiff's exercise of a protected First Amendment right.

The question becomes whether Plaintiff suffered a deprivation that would likely deter future First Amendment activity. At this point, the alleged deprivation Plaintiff incurred was an appearance before the Behavioral Committee for a hearing. Plaintiff has not alleged how this type of deprivation would deter him from the future exercise of his First Amendment rights. Furthermore, this is not the first time Plaintiff has suffered a deprivation of this sort, yet continued to file grievances and lawsuits. *See Barrett v. Ashby et al*, No. 13-CV-3001 (C.D. Ill. filed January 2, 2013) (only deprivation suffered by Plaintiff was an appearance at a disciplinary hearing and the receipt of a warning). The fact that Plaintiff filed the present lawsuit on March 11, 2015 suggests that this type of deprivation is not sufficient to deter Plaintiff's exercise of protected activity. Nevertheless, Plaintiff could potentially state a claim if he described how the defendants' actions in this case are likely to deter the future exercise of protected First Amendment activity. Therefore, Plaintiff is granted leave to file an amended complaint. If Plaintiff chooses to file an amended complaint, he should include the results of the disciplinary hearing and what punishment, if any, he received.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A.  Plaintiff shall have 30 days from the entry of this order to file an amended complaint.  Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim.  Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety.  Accordingly, the amended complaint must contain all allegations against all Defendants.  Piecemeal amendments are not accepted.

Entered this 7th day of April, 2015.


_____s/James E. Shadid_____ _____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE